IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STEVEN ALEXANDER TURCIOS BLANCO, §<br>§<br>Petitioner, §<br>§<br>v. §<br>§<br>KRISTI NOEM, *in her official capacity as*<br>*Secretary of the United States Department of Homeland*<br>*Security*, et al., §<br>§<br>Respondents. § | 1:25-CV-2111-RP |

## ORDER

Before the Court is Petitioner Steven Alexander Turcios Blanco's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. 1). Petitioner invokes 28 U.S.C. § 2243 and asks the Court to order Respondents Kristi Noem, Secretary of the United States Department of Homeland Security; Pam Bondi, United States Attorney General; Miguel Vergara, San Antonio Field Office Director for Enforcement and Removal, United States Immigration and Customs Enforcement ("ICE"); Charlotte Collins, Warden, T. Don Hutto Detention Center; the United States Department of Homeland Security; ICE; and the Executive Office for Immigration Review (together, "Respondents") to show cause within three days as to why the petition should not be granted.

The statutory provision that Petitioner invokes, 28 U.S.C. § 2243, instructs that:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The statute also directs that the person to whom the writ is directed shall return the writ "within three days unless for good cause additional time, not exceed twenty days, is allowed." 28 U.S.C. § 2243. Petitioner has alleged that he is entitled to a writ because he is being wrongfully detained

1

without bond under the interpretation of the Immigration and Nationality Act's ("INA") mandatory and discretionary detention provisions that was adopted by the Board of Immigration Appeals ("BIA") in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (Dkt. 1, at 10); *see* 28 U.S.C. §§ 1225–1226. The Court has addressed this BIA construction of the INA on numerous occasions. *See, e.g.*, *Ortega Munoz v. Noem*, No. 1:25-CV-1753-RP, 2025 WL 3218241 (W.D. Tex. Nov. 7, 2025); *Cardona-Lozano v. Noem*, No. 1:25-CV-1784-RP, 2025 WL 3218244 (W.D. Tex. Nov. 14, 2025). The Court will order Respondents to show cause as to why Petitioner's writ should not be granted within the next three days in accordance with § 2243.[1] Because the Court will address Petitioner's Petition for Habeas Corpus as expeditiously as possible, it will not currently address his Sealed Ex Parte Motion for Temporary Restraining Order, (Dkt. 2).

**IT IS ORDERED** that the referral of this case to the United States Magistrate Judge Mark Lane, (Dkt. 3), is **VACATED** and that this matter be returned to the docket of the District Court Judge Robert Pitman.

**IT IS FURTHER ORDERED** that The Clerk of Court shall furnish the Office of the United States Attorney in San Antonio, Texas with copies of the Petition for Writ of Habeas Corpus, (Dkt. 1), and this Order, and such delivery by certified mail, return receipt requested, will constitute sufficient service of process on the Federal Government Respondents. **IT IS FURTHER ORDERED** that the Clerk of Court shall serve Respondent Charlotte Collins, Warden of T. Don Hutto Detention Center, with copies of the Petition for Writ of Habeas Corpus,

---

[1] District courts may amend the timeline laid out in § 2243 where necessary for "equitable and prudential considerations." *Lan v. U.S. Immigr. & Customs Enf't*, No. 1:22-CV-05691, 2022 WL 15524695, at *1 (W.D. La. Oct. 26, 2022). "[I]t is well-settled that the strict time limit prescribed by § 2243 is 'subordinate to the Court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases,' which are applicable to petitions filed under § 2241." *Diaz-Ortega v. Lund*, No. 1:19-CV-670-P, 2019 WL 13292924, at *1 (W.D. La. June 28, 2019). However, here, where the case centers on a statutory interpretation that the Court has already discussed, and recognizing the serious consequences of continued allegedly wrongful detention, the Court finds that, both equitably and prudentially, the timeline suggested in § 2243 is appropriate.

(Dkt. 1), and this Order, and such delivery by certified mail, return receipt requested, will constitute sufficient service of process.

**IT IS FURTHER ORDERED** that Respondents show cause in writing **on or before January 8, 2026**, as to why the Court should not grant Petitioner's Petition for Writ of Habeas Corpus. At this time, the Court will not plan to set a hearing on this matter. The parties may request a hearing by **January 8, 2026**. Failure to request a hearing will constitute waiver of the opportunity for a hearing under § 2243. If Respondents have no new arguments to offer that have not already been addressed by the Court, they may so indicate by reference to their previous briefing, while reserving appellate rights. Respondents should file the referenced briefing as an attachment for Petitioner's counsel's review.

**IT IS FINALLY ORDERED** that Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner to any facility outside the boundaries of the Austin Division of the Western District of Texas, until the Court orders otherwise or this case is closed. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021). This is not to be construed as a temporary restraining order but rather an exercise of the Court's inherent power to preserve its ability to hear the case. *See Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (collecting cases).

**SIGNED** on January 5, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE